CHARLES J. SCHUCK, Judge.
Ray M. Swisher, the claimant, was injured on or about the 24th day of November 1936, while working for the state road commission rebuilding a bridge in Hampshire county, at and near Romney, and which bridge crossed the south branch of the Potomac river at the place indicated. From the evidence, it appears that claimant was doing rough carpenter work, as well as performing the work of a laborer, and that during the course of the reconstruction of the bridge in question it became necessary to load certain steel beams which were then lying at the edge of the said stream nearby, and to transport them up the bank to the place where the said bridge was located and was being repaired. One load of the *73 said beams had already been hauled and delivered to the appointed place, and during the course of the reloading of the truck, the accident in question happened. Some five or six steel beams had already been loaded upon the truck that was being used for transporting them, when the chain on the truck, fastened to the hoist, broke and allowed the beams in question to fall over and upon the claimant, severely and permanently injuring him. The claimant had no connection with the operation of the truck, and seemingly knew nothing of the apparatus or the equipment used in connection with hauling and transporting the said steel beams.
Under the circumstances, of course, he could not be charged with any negligence and from the evidence adduced, it is reasonable to make the deduction that the chain which broke was too light and not strong enough to carry the load of the weight of the beams that were being transported to the bridge. As stated, the claimant had no control over the operation of the truck or its equipment, and was at the time performing the work of a laborer in connection with other employees.
That he was permanently injured, there can be no question. He was confined to a hospital for forty-two days and has not worked since the time of the accident. The Legislature of 1939 made an appropriation of $30.00 per month for his benefit, which has been paid. The Legislature of the 1941 session made an appropriation of $46.00 per month, which appropriation will expire July next. He is forty-nine years of age and at the present time, in addition to the help received as indicated, he receives some help from his sister, as well as from his son, who is in the armed forces of our country at the present time. He has a daughter seventeen years of age. His injuries consisted of a fractured and crushed vertebra, necessitating, besides the hospital treatment, the adjustment of a cast covering the greater portion of his body, which he was obliged to wear for some months afterward. He still becomes dizzy, cannot stoop without pain, and has been unable toxdo any work whatsoever since the time of the accident, over six years ago.
*74 Under all the circumstances and facts in this case, and finding that the claimant could not be charged with any negligence whatever, we feel that an award of three thousand dollars (S3000.00), payable to him in a lump or full sum, would be equitable and just, and therefore we make an award accordingly.